## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce E. Andis
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela M. Jewell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 7, 2017 <br><br> Court of Appeals Case No. <br> 47A01-1610-CR-2330 <br><br> Appeal from the Lawrence <br> Superior Court <br><br> The Honorable Michael A. <br> Robbins, Judge <br><br> Trial Court Cause No. <br> 47D01-1605-CM-673 |

**Altice, Judge.**

**Case Summary**

[1]     Angela M. Jewell appeals her conviction for class B misdemeanor disorderly conduct. She challenges the sufficiency of the evidence supporting her conviction.

[2]     We affirm.

## Facts & Procedural History

[3]     On the afternoon of May 29, 2016, Officer Anthony Wray with the Bedford Police Department was on patrol when he observed Jewell, then age eighteen, and her mother, Janice Funk, running across the street and waving at him. He knew them from several prior interactions. He drove his police vehicle toward them and rolled down his window. He could hear the women yelling at each other, so he got out of his vehicle to investigate their apparent "domestic argument." *Transcript* at 9.

[4]     The women continued yelling and tried to speak over each other to Officer Wray. He informed them that he would listen to them one at a time starting with Funk. While he tried to speak with Funk, Jewell continued yelling and interrupting even though Officer Wray asked her stop multiple times. Officer Wray opined that her volume was at an eight or nine on a scale of ten and that she could probably be heard "for a couple of blocks." *Id*. at 41. Jewell's yelling was loud enough that motorists were slowing down and stopping their vehicles in the middle of the road to observe the altercation. In addition to motorists blocking traffic, individuals in the area also stopped to watch.

Officer Wray testified that Jewell's yelling hindered his investigation regarding the dispute. He also opined that her loudness threatened the safety of motorists driving nearby and was unreasonable for the circumstances. As a result, Officer Wray continued to direct Jewell to calm down and be quiet until he could speak with her. Every time he began to speak with Funk again, however, Jewell would yell, scream, and interrupt. Officer Wray eventually ordered Jewell to sit while he finished speaking with Funk. Jewell sat and was quiet for about twenty seconds before she stood up, began to walk away, and yelled, as loud as she could, "I'm fucking done with you." *Id.* at 12. Officer Wray then placed her under arrest for disorderly conduct. After being placed in Officer Wray's police vehicle, Jewell yelled, banged the cage inside the car with her head, and kicked it. In sum, out of the ten-to-fifteen-minute encounter, Jewell was quiet for only about twenty seconds.

Following a bench trial on August 26, 2016, Jewell was convicted of class B misdemeanor disorderly conduct. She was later sentenced to 180 days in jail, with 150 of those days suspended to supervised probation. Jewell now appeals.

## Discussion & Decision

Jewell challenges the sufficiency of the evidence supporting her conviction. Our standard of review in this regard is well settled. On review, we consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence, and we will affirm unless no

reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence will be found sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* at 147.

[8] In order to obtain a conviction as charged, the State was required to prove that Jewell knowingly made unreasonable noise and continued to do so after being asked to stop. Ind. Code § 35-45-1-3(a)(2). The volume of noise is critical in determining whether it was unreasonable within the meaning of the statute. *Johnson v. State*, 719 N.E.2d 445, 448 (Ind. Ct. App. 1999). To support such a conviction, a defendant must have produced decibels of sound that were too loud for the circumstances. *Id.* Further, a loud noise may be found unreasonable where it disrupts a police investigation. *Id.*

[9] The facts establish that during Officer Wray's ten-to-fifteen-minute investigation, Jewell yelled, screamed, and interrupted during all but twenty seconds of it. She continued her disruptive behavior despite multiple requests from the officer for her to stop yelling and to calm down. She was so loud that passing motorists stopped or slowed in the roadway to see what was going on. Even after she calmed down for several seconds, Jewell again yelled "as loud as she could" as she began to walk away. *Transcript* at 12. This occurred while Officer Wray was still speaking with Funk.

The evidence amply supports Jewel's conviction for disorderly conduct. *See Barnes v. State*, 946 N.E.2d 572, 578 (Ind. 2011)("Barnes's yelling at the officers, even after they warned him to calm down, was sufficient to sustain his disorderly conduct conviction."); *Johnson*, 719 N.E.2d at 448 (defendants "loud manner of speaking", even though he was not yelling, disrupted the police investigation and constituted "unreasonable noise"). Further, it is of no moment that Funk was walking away as she made her last outburst before being arrested.

Judgment affirmed.

Riley, J. and Crone, J., concur.